UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff, <br><br> v. <br><br> CAPITOL REGENCY, LLC, et al., <br><br> Defendants. | No. 2:19-cv-01587-MCE-KJN PS <br><br> <u>FINDINGS & RECOMMENDATIONS</u> <br><br> (ECF Nos. 38, 40, 41) |

Plaintiff Peter Strojnik, Sr.,[1] brings this Americans with Disabilities Act ("ADA") action against defendants Capitol Regency, LLC, doing business as Hyatt Regency Sacramento ("Capitol"), and Hyatt Corporation ("Hyatt"), erroneously sued as "Hyatt Hotels Corporation, dba Hyatt Hotels and Resorts." (ECF No. 38 at 1.) Presently before the court are three motions by Hyatt: (A) a motion to dismiss plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); (B) a motion to require plaintiff to post a bond pursuant to California Code of Civil Procedure § 1030; and (C) a motion to declare plaintiff a vexatious litigant and enter a pre-filing order requiring him to obtain the court's permission before filing any future ADA cases. (ECF Nos. 38, 40, 41.) Capitol joins the motion to dismiss and the vexatious litigant motion. (ECF Nos. 42, 44.) Plaintiff filed a consolidated response opposing all

---

[1] Because plaintiff is representing himself, this case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

three motions, and Hyatt filed a reply. (ECF Nos. 43, 46.) The court took the motions under submission pursuant to Local Rule 230(g). (ECF No. 45.) For the following reasons, the undersigned recommends granting defendants' motion to dismiss and denying the motions to require a bond and to declare plaintiff a vexatious litigant.

**BACKGROUND**

    **A. Plaintiff's Litigation History**

Plaintiff is an Arizona resident and former lawyer who has initiated thousands of ADA lawsuits against hotels across the western United States. See Strojnik v. Driftwood Hosp. Mgmt. LLC, 2021 WL 50456, at *7 (D. Ariz. Jan. 6, 2021); Strojnik v. Bakersfield Convention Hotel I, LLC, 436 F. Supp. 3d 1332, 1336 (E.D. Cal. 2020). These lawsuits are routinely dismissed for failing to sufficiently allege Article III standing. See Driftwood, 2021 WL 50456, at *5 (collecting cases). Based on his prior litigation conduct, plaintiff now carries a vexatious litigant designation in three federal districts within the Ninth Circuit. See id. at *10-11 (designating plaintiff vexatious because he "harasses and coerces parties into agreeing to extortive settlements"); Strojnik v. IA Lodging Napa First LLC, 2020 WL 2838814, at *12-13 (N.D. Cal. June 1, 2020); Strojnik v. SCG Am. Constr. Inc., 2020 WL 4258814, at *6-8 (C.D. Cal. Apr. 19, 2020).[2]

Beginning in July 2018, plaintiff was suspended from the practice of law by the Arizona State Bar, and ultimately, he was disbarred in May 2019 for his conduct in prosecuting ADA cases.[3] (ECF No. 41.1, Exs. 3 & 5.[4]) During and after the disbarment process, plaintiff began to

---

[2] A motion to declare plaintiff a vexatious litigant in the Southern District of California is currently pending. Strojnik v. 1315 Orange LLC, No. 19CV1991-LAB (JLB), ECF No. 15 (S.D. Cal. motion filed 9/14/2020).

[3] The undersigned notes that plaintiff Peter Strojnik, Sr., is not to be confused with his son, Peter Kristofer Strojnik, who is an attorney licensed in California who also brings disability discrimination cases.

[4] Defendants request the court take judicial notice of 16 exhibits. (ECF No. 41.1.) The court grants the request only as to Exhibits 3 and 5—the Arizona State Bar's order of interim suspension and judgment of disbarment, respectively—as they contain matters of public record that are relevant to the issues at bar. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The court finds the other exhibits unnecessary to the resolution of the present motions and

2

bring ADA cases on his own behalf in courts throughout the Western states. Within the space of one year, from November 2018 through November 2019, plaintiff filed some 25 cases in this district, including the present one.

**B. Procedural Background & Allegations**

On August 15, 2019, plaintiff filed this action initially against Capitol only, asserting accessibility violations under the ADA and California state law at the Hyatt Regency Sacramento Hotel located at 1209 L Street, Sacramento, California 95814 ("the Hotel"). (ECF No. 1.) The complaint contained the same three pages of formulaic ADA allegations filed in other cases in this district around the same time, followed by an "Addendum A" of photos purportedly documenting the ADA violations. (Id. at 1-3, 8-10.) See, e.g., Strojnik v. Bakersfield Convention Hotel I, LLC, 436 F. Supp. 3d 1332, 1337 (E.D. Cal. 2020) (describing complaint filed 8/12/2019); Strojnik v. Hotel Circle GL Holdings, LLC, 2019 WL 6212084, at *1 (E.D. Cal. Nov. 21, 2019) (describing complaint filed 8/30/2019); see also Strojnik v. Flagrock Hosp. LLC, 2021 WL 1085395, at *3 (D. Ariz. Mar. 22, 2021) ("Plaintiff's *modus operandi* is to use the same boilerplate arguments used in his previous filings and insert new photos of alleged non-compliance." (collecting cases in that district) (cleaned up)).

As in those cases, plaintiff described himself as "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." (ECF No. 1 at 1.) These impairments "substantially limit his major life activities" in that plaintiff "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." (Id. at 2.) Plaintiff alleged that he visited the Hotel on or about June 7, 2019, and encountered numerous accessibility barriers documented in Addendum A. Addendum A contained a few lines of allegations regarding insufficient accessibility information being listed online at www.hotels.com and 12 small, grainy photographs of the Hotel's alleged barriers, with captions. (Id. at 3, 9.) He claimed that these barriers "relate to [his] disability and interfere with [his] full and complete

---

therefore denies the remainder of defendants' request for judicial notice.

enjoyment of the Hotel"; and because of them, he declined to book a room at the Hotel, and remains deterred from visiting the Hotel because of its noncompliance. (Id. at 2-3.)

These allegations remain unchanged in plaintiff's operative First Amended Complaint ("FAC") filed on January 8, 2021.[5] (See ECF No. 27, ¶¶ 3-4, 31-34.) The main substantive changes in the FAC are the addition of Hyatt as a defendant, along with five new causes of action based upon alleged fraud and deceit related to Hyatt leasing its brand name "Hyatt Regency" to Capitol. (ECF No. 27.) As to the ADA claim, plaintiff replaced Addendum A with Tables 1 and 2 appearing within the body of the complaint. Table 1 repeats the same brief allegations that the Hotel's description on www.hotels.com indicates "insufficient dispersion" of accessible rooms; but plaintiff also added what appear to be screen shots from the Hotel's own website, www.hyatt.com, listing accessible areas of the Hotel. (ECF No. 27 at 3-4.)

Table 2 is labeled "Personal Barrier E[n]counters" and contains the same 12 photographs from the former Addendum A, but in full-page size and high resolution. The captions of each photo remain the same, with a few minor wording adjustments. For example, some captions read: "Inaccessible Check In Counters," "Inaccessible rout[e] with no signage to accessible route," "Inaccessible buffet bar," and "Inaccessible beverage bar." (Id. at 5-16.) As relevant to the ADA claim, following Table 2 plaintiff also added this paragraph:

> Above documented inaccessible elements and routes [referring to the 12 captioned photographs] directly interfere with Plaintiff's performance of major life activities including walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

(Id. at 16-17, ¶ 21.)

In February 2021, defendants filed the instant motions to require a bond, to designate

---

[5] On December 22, 2020, plaintiff moved to amend the complaint and attached his proposed amended complaint. (ECF No. 25.) Because this filing was within the time permitted for amendment by the Scheduling Order and was a timely amendment as a matter of course following Capitol Regency's answer, the court ordered that the proposed amended complaint be filed as plaintiff's FAC. (ECF Nos. 26, 27.)

4

plaintiff a vexatious litigant, and to dismiss the FAC under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. (ECF Nos. 38, 40, 41.) Because the undersigned agrees that the court lacks subject-matter jurisdiction due to plaintiff's failure to plead standing to bring his ADA claim, these findings and recommendations address only the jurisdictional standards and arguments.

**LEGAL STANDARDS**

Lack of standing is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)" for lack of subject-matter jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Indeed, "a lack of Article III standing requires dismissal for lack of subject matter jurisdiction." Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted).

A Rule 12(b)(1) jurisdictional attack can be either facial or factual. White, 227 F.3d at 1242. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In deciding a facial Rule 12(b)(1) motion, the court "must assume the allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor." Ryan v. Salisbury, 382 F. Supp. 3d 1062, 1073 (D. Haw. 2019) (citing Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Safe Air, 373 F.3d at 1039.

Because defendants' arguments focus on the sufficiency of the FAC's allegations, the court construes their motion to dismiss as a facial attack on plaintiff's standing. Thus, the court must accept well-pled allegations of the FAC as true, draw all reasonable inferences in plaintiff's favor, and determine whether his allegations are sufficient to support standing. See Hyatt v. Yee, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). As the party asserting federal subject-matter jurisdiction, plaintiff bears the burden of establishing its existence here. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

////

**DISCUSSION**

**A. Motion to Dismiss**

***1. Lack of Standing for ADA Claim***

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (en banc). To establish constitutional standing in any case, a plaintiff must at least "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant]'s actions, and that the injury can be redressed by a favorable decision." Id.; see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992). Defendants challenge only the injury-in-fact element here.

    a. <u>No Injury-in-Fact Alleged</u>

For standing purposes, an ADA plaintiff need only allege sufficient facts to demonstrate that an accessibility barrier "interfere[s] with [his] 'full and equal enjoyment' of the facility" in question. Chapman, 631 F.3d at 947 (quoting 42 U.S.C. § 12182(a)). A barrier "will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." Id. The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'" Chapman, 631 F.3d at 947. "[I]f a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element of Lujan." Id.

Plaintiff asserts two types of accessibility barriers at the Hotel: (1) lack of accessibility information on booking websites and (2) physical barriers. The court concludes that the FAC fails to allege sufficient facts to specify what accessibility barriers plaintiff encountered or to explain how any alleged barriers relate to his particular disability.

    *i. Booking Website Barriers*

The FAC asserts that prior to traveling to Sacramento, plaintiff reviewed numerous hotels' booking websites to check which met his accessibility needs. Table 1 of the FAC indicates that

plaintiff accessed www.hotels.com and www.hyatt.com to look up the Hotel's information. Plaintiff alleges that these websites fail to provide information about the Hotel required by 28 C.F.R. § 36.302(e).[6] As he has done in many previous complaints, plaintiff claims this lack of information denied him full and equal access "by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit [him] to assess independently whether the hotel or guest room meets his accessibility needs." (ECF No. 27 at 3-4.) See, e.g., Strojnik v. R.F. Weichert V, Inc., 2021 WL 242912, at *4 (N.D. Cal. Jan. 25, 2021) (quoting this precise allegation from plaintiff's complaint in that case, and collecting cases finding no standing based on similarly vague and conclusory allegations regarding booking website deficiencies); Strojnik v. Orangewood LLC, 2020 U.S. Dist. LEXIS 11743, at *18 (C.D. Cal. Jan. 22, 2020) (quoting largely identical allegation from complaint in that case).

As noted in Weichert, this allegation "merely parrots the cited regulation and does not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the websites." 2021 WL 242912, at *4. The FAC here does include what appear to be screenshots from hyatt.com listing a variety of accessible features and areas of the Hotel. (ECF No. 27 at 4 (listing information under headings for "Accessible Hotel Parking and Transportation," "Accessible Hotel Areas," and "Hotel Areas with Accessible Routes from Accessible Public Entrance").) But plaintiff provides no factual description of the information contained on (or missing from) this website, and it is unclear whether those screenshots contain the entirety of the information on the website related to

---

[6] This ADA regulation provides, in relevant part, that:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> . . .
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

28 C.F.R. § 36.302(e)(1)(ii).

7

accessibility.  Again, the screenshots themselves do not indicate what accessibility information plaintiff requires and found missing from the website.  See Orangewood, 2020 U.S. Dist. LEXIS 11743, at *18-19 (rejecting similar stand-alone screenshots).

For these reasons, the undersigned concludes that plaintiff's broad and conclusory allegations about lack of accessibility information on the booking websites are insufficient to establish an injury-in-fact.

*ii. Physical Barriers*

As described above, Table 2 presents the various "Personal Barriers" plaintiff encountered at the Hotel on or about June 7, 2019.  (ECF No. 27 at 5-16.)  Although labeled as a "Table," Table 2 simply contains a series of full-page photographs with short captions beneath each.  Examples include:  a picture of the Hotel entrance, captioned "No marked passenger lo[a]ding zone"; a picture of the lobby check-in desk, captioned "Inaccessible Check In Counters"; a picture of a flight of stairs, captioned "Inaccessible rout[e] with no signage to accessible route"; and pictures of a buffet bar and restaurant bar, respectively captioned "Inaccessible buffet bar," and "Inaccessible beverage bar."  (Id.)

As plaintiff has been advised by courts in numerous prior cases, these sorts of photos with captions stating bare legal conclusions—undeveloped by any further narrative explanation of how they impede access for plaintiff, specifically—are not enough to establish an Article III injury-in-fact.  See Hotel Circle GL Holdings, 2019 WL 6212084, at *3 (describing series of briefly captioned photographs as "bare legal conclusions cast in the form of factual allegations"); Strojnik v. 1315 Orange LLC, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (explaining that caption reading "Inaccessible check in counter" does not explain what is "inaccessible" about it, and noting that Mr. Strojnik did not allege "why he would have difficulty standing at a counter to check in, even if it were not specially configured").

The court agrees with defendants—and the multiple courts who have ruled on plaintiff's boilerplate complaints before—that the primary defect in the FAC is that it fails to allege how any of the alleged barriers photographed relate to plaintiff's specific disability or disabilities.  The law is clear that to establish standing for an ADA claim, a plaintiff must allege a connection between

a noncompliant barrier and his or her disability. A barrier "will only amount to [unlawful] interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." Chapman, 631 F.3d at 947 (en banc) (emphasis added); see id. ("[I]f a barrier violating [the ADAAG] standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." (emphasis added)).

This requirement has been explained to plaintiff many times before he filed the instant FAC, both by the Ninth Circuit and by numerous district courts. See, e.g., Strojnik v. Orangewood LLC, 829 Fed. Appx. 783, 783 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of Article III standing because Strojnik failed to allege that the ADA barriers he identified affected him because of his disabilities."); Strojnik v. BW RRI II, LLC, 2020 WL 5210897, at *1 (N.D. Cal. Sept. 1, 2020) ("Because Strojnik hasn't explained how he was harmed by the hotel's accessibility barriers, he hasn't sufficiently alleged an injury-in-fact."); see also Strojnik v. Bakersfield Convention Hotel I, LLC, 436 F. Supp. 3d 1332, 1340 (E.D. Cal. 2020) (holding plaintiff's photographs and captions were bare legal conclusions that did not allege "how his disabilities relate to the barriers he encountered"); Strojnik v. Four Sisters Inns, Inc., 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) (same); Strojnik v. 1315 Orange LLC, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (same); Hotel Circle GL Holdings, 2019 WL 6212084, at *3, *7 (E.D. Cal. Nov. 21, 2019) (noting that plaintiff is "well aware of the applicable Ninth Circuit law governing standing to assert an ADA claim").

Yet, the FAC still contains only the vaguest of factual allegations regarding (1) plaintiff's disability/disabilities and accompanying accessibility needs and limitations and (2) how the photographed barriers relate to those disabilities and interfere with his access. Plaintiff's conclusory allegation that "[t]he ADA . . . violations described in Tables 1 and 2 above relate to [his] disability and interfere with [his] full and complete enjoyment" is of no help. (ECF No. 27, ¶ 33; see id. ¶¶ 11-12.) Just as conclusory allegations cannot overcome a Rule 12(b)(6) motion, nor can a plaintiff "rely on a bare legal conclusion to assert injury-in-fact" to survive a Rule 12(b)(1) motion. See Maya, 658 F.3d at 1068 (citing Chapman, 631 F.3d at 954-55 & n.9,

for proposition that plaintiff who did not allege "how [barriers] impacted his disability could not establish injury-in-fact simply by claiming that the store deprived him of 'full and fair enjoyment' in violation of the ADA").

The same is true of the single above-quoted paragraph added to the FAC to bolster plaintiff's ADA claim—wherein, plaintiff claims that the "inaccessible elements and routes" documented in Tables 1 and 2 "directly interfere with [his] performance of major life activities" and then provides a laundry list of activities. (ECF No. 27, ¶ 21 (for example, alleging interference with "walking, . . . , sleeping, working, . . . , kicking, jumping, . . . , running, . . . , [and] breathing").) For one thing, there is no explanation of which alleged barriers impact which of these activities. For instance, the undersigned is baffled as to how any of the alleged architectural barriers in the photographs might interfere with plaintiff's "breathing." (See id.) For another, the court is not at all sure why the Hotel should be concerned about plaintiff's kicking and jumping abilities. But most critically, plaintiff does not allege <u>how</u> any alleged barrier interferes with his access. See Chapman, 631 F.3d at 954 (plaintiff failed to allege Article III standing because, despite alleging a physical disability, he never alleged "<u>how his disability was affected</u> by [the architectural barriers] so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement" (emphasis added)).

Plaintiff defends the sufficiency of his ADA claim by arguing that "[j]udicial experience and just plain old common sense dictate that based on [his] mobility impairments, a flight of stairs restricts [him] from accessing the upper level of the hotel." (ECF No. 43 at 3-4 (insisting that "Plaintiff's FAC is flawless").) This argument might be compelling if the FAC were not so vague about the nature of plaintiff's "mobility impairments." The extent of plaintiff's allegations on this topic are that:

- "Plaintiff walks with difficulty and pain and requires compliant mobility accessible features . . . . Plaintiff's impairment is constant, but the degree of pain is episodic . . . ." (ECF No. 27, ¶ 4.)
- "By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." (Id.

10

¶ 30.)

As plaintiff was informed regarding his identically worded allegations in other boilerplate complaints in this district, the FAC "does not allege how often he requires ambulatory assistance versus wheelchair assistance, nor does he allege that he required ambulatory or wheelchair assistance when he visited the subject Hotel. This deficiency clouds whether plaintiff has suffered an injury-in-fact." Hotel Circle GL Holdings, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019); see Bakersfield Convention Hotel I, 436 F. Supp. 3d at 1340 (E.D. Cal. 2020) (holding insufficient allegation that barriers were "relate[d] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation).

All the photographed alleged barriers here seem related to wheelchair use, based on the reference to an absent passenger loading zone and the multiple pictures of features with high countertops. This makes plaintiff's failure to allege that he required wheelchair assistance when he encountered these features fatal to his standing. A plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1044 n.7 (9th Cir. 2008) (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store . . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."). "[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability." Chapman, 631 F.3d at 947 n.4 (emphasis added). Accordingly, it is plaintiff's burden to specify, in a nonconclusory fashion, the nature and extent of his disability in his complaint. The FAC does not do so.[7]

Plaintiff's only other response regarding his ADA claim is to argue that the complaint meets the standards set forth in the Ninth Circuit's recent opinion in Whitaker v. Tesla Motors, Inc., 985 F.3d 1173 (9th Cir. Jan. 25, 2021). (See ECF No. 43 at 2-4.) Whitaker, however,

---

[7] Defendants also ask the court to take judicial notice of certain publicly available videos of plaintiff walking and carrying luggage with no visible impairment around the time of his visit to the Hotel. (ECF No. 38 at 19.) But the court need not consider these videos—apparently offered in support of a factual attack on subject-matter jurisdiction—because the undersigned finds defendants' facial attack dispositive.

mostly addressed the Rule 8 pleading requirements to state a claim for an ADA violation and survive a Rule 12(b)(6) motion to dismiss. See 985 F.3d at 1175-78. The defendant never challenged plaintiff's standing to bring the ADA claim, but the court addressed the issue sua sponte. Id. at 1178. In so doing, the court reaffirmed that the requirements for properly alleging Article III standing for an ADA claim are those articulated in Chapman. Id. at 1179 (citing Chapman, 631 F.3d at 954). As discussed above, and as identified by the court in Whitaker, the complaint in Chapman was dismissed for lack of standing in large part because it "did not connect the barriers to [the plaintiff]'s disability." Id. (citing Chapman, 631 F.3d at 955). This is precisely the reason plaintiff's FAC here fails to allege an injury-in-fact.

### b. No Threat of Future Harm Alleged

Even if the FAC could be construed as pleading an injury-in-fact, it still would not establish plaintiff's standing to seek relief under the ADA. In addition to pleading an injury-in-fact, an ADA plaintiff's complaint must also establish standing to pursue injunctive relief—because that is the only form of relief available to private ADA plaintiffs. Chapman, 631 F.3d at 946. Standing for injunctive relief requires a plaintiff to demonstrate "a real and immediate threat of repeated injury in the future." Chapman, 631 F.3d at 946; see id. at 949 ("Article III . . . requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties." (footnote omitted)). Demonstrating an intent to return to a noncompliant accommodation is one way to establish this threat of future harm. Demonstrating that the plaintiff is deterred from visiting a noncompliant facility is another. Chapman, 631 F.3d at 944. Defendants argue that plaintiff's allegations here do neither.

#### i. *Intent to Return*

In assessing plaintiff's intent to return, "courts have examined factors such as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Harris v. Del Taco, Inc., 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (cleaned up).

The FAC's only assertion relevant to this subject—aside from plaintiff's Arizona residency—is that plaintiff "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG . . . ." (ECF No. 27, ¶¶ 3, 13.) There is no indication of how regularly plaintiff visits the Sacramento area from Arizona, or what would bring him back to the area on any particular future date. Thus, even if the FAC did allege an injury-in-fact, it does not sufficiently allege an intent to return. See Chapman, 631 F.3d at 944 (ADA plaintiff may establish standing with respect to actual encounters by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility").

*ii. Deterrence*

Alternatively, an ADA plaintiff can show a real and immediate threat of future injury—and thus standing for injunctive relief—if he "is currently deterred from visiting [an] accommodation by accessibility barriers." Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014) (cleaned up); see Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135 (9th Cir. 2002) ("[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury."). "Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing 'actual injury' of lack of access to the store." Chapman, 631 F.3d at 950 (cleaned up). Even under a deterrence theory, however, a plaintiff must allege "actual knowledge of a barrier" and an intent to visit a facility once it is ADA compliant. Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1099 (9th Cir. 2017).

The FAC does not contain sufficient allegations that plaintiff is deterred from visiting the Hotel. Once again, plaintiff merely offers the legal conclusion that he "is deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA and Unruh compliant as such compliance relates to [his] disability." (ECF No. 27, ¶ 12.) For the reasons explained above regarding injury-in-fact, this conclusory allegation brings the FAC no closer to describing how

13

the Hotel's identified features are related to his particular disabilities or how they would impact his access to the Hotel. See Weichert, 2021 WL 242912, at *6 (finding that Mr. Strojnik failed to adequately plead deterrence because the complaint "do[es] not adequately explain why the features shown in the photos are related to Mr. Strojnik's disability or how they would impact his access to the facility"); IA Lodging, 2020 WL 2838814, at *6 (finding that Mr. Strojnik failed to adequately plead deterrence because the "photographs attached to his complaint have generic and vague descriptions that do not explain why the identified features are not ADA compliant or how they are related to his disability").

### c. Summary

Because the FAC fails to allege an injury-in-fact or a real threat of future harm, plaintiff has not shown standing to proceed under the ADA, and therefore the court lacks subject-matter jurisdiction over plaintiff's sole federal claim. See Strojnik v. Pasadena Robles Acquisition, LLC, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of Strojnik's ADA claim for lack of standing). Accordingly, the court should dismiss plaintiff's ADA claim.

### 2. *State Law Claims*

A district court may decline to exercise supplemental jurisdiction if it dismisses all claims over which it has original jurisdiction. Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). As discussed below, the undersigned recommends not granting leave to further amend the complaint. Without standing to bring the ADA claim, the court should decline to exercised supplemental jurisdiction over the state law claims.

### 3. *No Leave to Amend*

Ordinarily, leave to amend should be freely granted. The undersigned concludes, however, that granting further leave to amend in this case would be futile. See Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016) ("Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile.").

First, while plaintiff is appearing in this action pro se, he is a former lawyer and a frequent ADA litigator. Over the course of his extensive ADA litigation history, outlined above, plaintiff

was often granted leave to amend along with instructions on how to cure his deficient pleadings to allege standing. "As early as 2017, courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's particular disabilities." IA Lodging, 2020 WL 2838814, at *10 (N.D. Cal. June 1, 2020) (vexatious litigant order, collecting cases that "contain the exact same flaw"). Yet, that same fundamental defect is what plagues plaintiff's FAC in this case.

Even with all this prior guidance, plaintiff filed his original complaint in August 2019 and the FAC in December 2020 without so much as attempting to allege specific facts about the nature of his disabilities and how the identified barriers were connected to those disabilities. This is par for the course for plaintiff. See IA Lodging, 2020 WL 2838814, at *10 ("This court and others have noted Strojnik's intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies.").

Given this history, and given plaintiff already filed an amended complaint in this case without addressing the problems pointed out to him so many times before, the undersigned has no reason to think that an opportunity to further amend would produce a different result.[8] Accordingly, the court should dismiss the FAC without leave to amend for failure to allege standing.[9]

---

[8] By discussing plaintiff's prior cases the court is not "construing [his] history of litigation against him." See Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175 (9th Cir. 2010) (noting that sometimes serial litigation is "necessary and desirable" to advance the ADA's purpose). Rather, the court points to the mountains of prior court guidance offered to plaintiff about ADA pleading requirements as evidence that plaintiff knows what he must plead here and simply cannot or will not heed that guidance.

[9] Various courts dismissing plaintiff's ADA claims have likewise denied plaintiff leave to amend his standing pleadings on futility grounds. See, e.g., Strojnik v. C&H Kingman LLC, 2021 WL 1381354, at *4 (D. Ariz. Apr. 13, 2021) ("Any amendment to Mr. Strojnik's complaint would be futile given his failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so."); Strojnik v. Orangewood LLC, 2020 U.S. Dist. LEXIS 11743, at *28 (C.D. Cal. Jan. 22, 2020) (dismissing without leave to amend because "Plaintiff has had ample opportunity to plead facts sufficient to support standing and has failed to do so"), aff'd, 829 Fed. Appx. 783 (9th Cir. 2020); Strojnik v. Pasadena Robles Acquisition, LLC, 2019 U.S. Dist. LEXIS 213070, at *11 (C.D. Cal. Aug. 14, 2019), aff'd, 801 Fed. Appx. 569 (9th Cir. 2020) (affirming denial of leave to amend because amendment would have been futile); Strojnik v. Four Sisters Inns, Inc., 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019).

**B. Motion for Bond**

Hyatt requests the court order plaintiff to post a $25,000 bond as security for a portion of its anticipated costs and attorney's fees through trial, arguing that it is likely to prevail in this action which it deems purely vexatious. (ECF No. 40 at 3-7 (invoking Cal. Code Civ. Proc. § 1030(a)-(b)).)

Given the recommendation to dismiss this case without leave to amend, the undersigned sees no need to order plaintiff to post a bond for costs and attorney's fees through trial.[10] Accordingly, the court recommends denying Hyatt's motion for a security bond.

**C. Vexatious Litigant Motion**

Both defendants move this court to join the growing number of state and federal courts to designate plaintiff a vexatious litigant and to issue a pre-filing order requiring him to obtain court approval before filing "any new suit under the ADA and/or relating to disability law" in this district. (ECF No. 41 at 6, 16; ECF No. 44 at 4.) Although plaintiff's filing of boilerplate complaints in this court may have been vexatious for a time, present circumstances in this district do not warrant a vexatious litigant designation for plaintiff.

Pre-filing orders are an important tool for curbing "[f]lagrant abuse of the judicial process." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). However, such orders are "an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (noting that "such sanctions can tread on a litigant's due process right of access to the courts").

As stated at the outset, plaintiff's barrage of filing cases in this district was limited to a discrete period of one year. From November 2018 through November 2019, plaintiff filed some 25 cases here. The instant suit, filed in August 2019, was his tenth. Since November 2019,

---

[10] Of course, denial of this motion for bond would not preclude defendants from requesting attorney's fees under 42 U.S.C. § 12205, should the district court adopt these findings and recommendations and dismiss this case. See Strojnik v. 1017 Coronado, Inc., 2021 WL 120899, at *3 (S.D. Cal. Jan. 13, 2021) (awarding attorney's fees to defendant after case dismissed for lack of subject-matter jurisdiction) (citing Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA, 856 F.3d 696, 709 (9th Cir. 2017), in rejecting plaintiff's argument that defendant could not be prevailing party when case was dismissed for lack of jurisdiction).

16

1  plaintiff has not initiated a single new suit, of any sort, in this court. He has, with various degrees
2  of diligence, continued to prosecute those of his cases that remain active. As of this writing, only
3  six of plaintiff's cases are ongoing in this court (including this one). Based on the undersigned's
4  review, all of these cases are nearing conclusion, with one possible exception.[11] Notably, plaintiff
5  might win a default judgment in one of these cases, if the currently pending findings and
6  recommendations are adopted. See Strojnick v. JW World Enterprises, Inc. Best Western
7  Bakersfield North, No. 1:19-cv-01096-DAD-JLT, ECF No. 22 (no discussion of Article III
8  standing issues).

Defendants' motion acknowledges none of this district-specific context, focusing instead on plaintiff's overall history of—admittedly egregious—litigation conduct across state and federal courts at large. (See ECF No. 41 at 7 (citing PACER records showing 126 cases filed in Ninth Circuit district courts since January 2019).) But a pre-filing order in this court would do little to prevent plaintiff from engaging in abusive litigation tactics in other courts; and the undersigned sees no need at present to protect this court from abuse by plaintiff. This is not to diminish in any way the propriety of the vexatious litigant orders entered against plaintiff by other courts when plaintiff was overwhelming them with new cases. This court will not hesitate to protect itself and its litigants should plaintiff return to filing significant numbers of ill-pled or otherwise abusive ADA suits in this district. For now, however, with no new cases filed here in well over a year, the undersigned finds it unwarranted to enter a vexatious litigant designation. Accordingly, defendants' vexatious litigant motions should be denied.

////

////

---

[11] See Strojnick v. JW World Enterprises, Inc. Best Western Bakersfield North, No. 1:19-cv-1096-DAD-JLT (currently pending findings and recommendations to grant plaintiff default judgment); Strojnik v. Azul Hospitality Group, LLC et al., No. 2:19-cv-1877-TLN-AC (currently pending findings and recommendations to dismiss for lack of prosecution); Strojnik v. Sacramento Hotel, LLC, No. 2:19-cv-2041-TLN-CKD (motion for default judgment filed Dec. 2020); Strojnik v. Kaidan Hospitality, LP, No. 2:19-cv-2044-TLN-CKD (pending order to show cause why case should not be dismissed for lack of prosecution). The possible exception is Strojnik v. The Victus Group, Inc., No. 1:18-cv-1620-AWI-SKO, where there has been no action since plaintiff filed a first amended complaint in April 2020 (ECF No. 17).

17

# **RECOMMENDATIONS**

For these reasons, it is HEREBY RECOMMENDED that:

1. Defendant Hyatt Corporation's motion to require plaintiff to post a bond (ECF No. 40) be DENIED;
2. Defendants' motion to declare plaintiff a vexatious litigant (ECF No. 41) be DENIED;
3. Defendants' motion to dismiss (ECF No. 38) be GRANTED;
4. This action be dismissed without leave to amend and without prejudice, for lack of federal subject-matter jurisdiction; and
5. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stro.1587